# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE INFOSONICS CORPORATION DERIVATIVE LITIGATION | CASE NO. 06cv1336 BTM(WMc) <br><br> **ORDER GRANTING APPLICATION FOR LEAVE TO CONDUCT DISCOVERY REGARDING PERSONAL JURISDICTION AND GRANTING IN PART AND DENYING IN PART APPLICATION TO CONTINUE BRIEFING SCHEDULE ON MOTIONS TO DISMISS** |

Plaintiffs have filed an application for leave to conduct discovery regarding personal jurisdiction over individual defendants Robert S. Picow and Randall P. Marx and to continue the briefing schedule with respect to the pending motions to dismiss. For the reasons discussed below, the Court **GRANTS** the application for leave to conduct limited discovery, **GRANTS** the application to continue the briefing schedule and hearing on the motion to dismiss for lack of personal jurisdiction, and **DENIES** the application to continue the briefing schedule and hearing on the motion to dismiss for failure to make a demand on the Board of Directors, lack of standing, and failure to state a claim.

## I. BACKGROUND

In their Consolidated Verified Shareholder Derivative Complaint ("Complaint") on behalf of InfoSonics Corp. ("InfoSonics"), Plaintiffs allege that the individual defendants, officers and

directors of InfoSonics, engaged in wrongdoing in connection with the filing of false financial statements, the issuing of false and misleading press releases, the backdating of stock options issued in December 2005, the false classification of warrants issued by InfoSonics in January 2006, and the failure to implement adequate internal controls resulting in the filing of accounting restatements for the first quarter of 2006.  Plaintiffs allege that Defendants violated state and federal law, including breaches of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets, unjust enrichment, violations of Cal. Corp. Code §§ 25402, 25403 and violations of § 304 of the Sarbanes-Oxley Act of 2002.

InfoSonics is incorporated in Maryland but maintains its principal place of business in San Diego. (Complaint, ¶ 35.)  According to Plaintiffs, during the relevant period, all annual shareholders' meetings, Board of Directors' meetings, and Audit Committee and Compensation Committee meetings were held in California.

Defendant Marx is and was, at all relevant times, a director of InfoSonics, Chairman of the Board's Audit and Compensation Comittees, and a member of the Board's Nominating and Corporate Governance Committee.  (Compalint, ¶ 40.)  Plaintiffs allege that Marx, in collusion with other defendants, backdated stock options that were granted to him and received illegal compensation from InfoSonics that was not disclosed to InfoSonics' shareholders. (Id.) Plaintiffs also allege that Marx participated in the issuance of false and/or misleading statements, including the preparation of the false and/or misleading press releases and SEC filings. (Id.)

Defendant Picow is and was, at all relevant times, a director of InfoSonics and a member of the Board's Audit, Compensation and Nominating and Corporate Governance Committees. (Complaint, ¶ 41.)  Plaintiffs allege that Picow, in collusion with other defendants, backdated stock options, received illegal compensation that was not disclosed to the Company's shareholders, and participated in the issuance of false and/or misleading statements.

Picow and Marx have specially appeared and moved to dismiss the Complaint for lack of personal jurisdiction.  The other defendants have filed a motion to dismiss for failure to

1  make a demand on the Board of Directors, lack of standing, and failure to state a claim.

## II. DISCUSSION

Plaintiffs request leave of the Court to conduct discovery regarding Picow and Marx's contacts with California and seek to continue the briefing and hearing on the pending motions to dismiss. The Court finds that jurisdictional discovery is warranted and grants Plaintiffs' application for leave to conduct limited discovery and for a continuance of the briefing and hearing on the motion to dismiss for lack of personal jurisdiction.

"Discovery should ordinarily be granted where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quoting Data Disc, Inc. v. Systems Tech. Associates, Inc., 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977)). The district court has broad discretion to permit or deny discovery. Id. The district court properly exercises its discretion to refuse a continuance and to deny jurisdictional discovery "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants." Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995).

Here, Plaintiffs' claim of personal jurisdiction is based on more than bare allegations. Both Marx and Picow admit that they have traveled to California approximately three or four times a year to attend Board or committee meetings. To the extent that Marx and Picow gained knowledge, took actions, or failed to take actions during these Board or committee meetings that gave rise to Plaintiffs' claims, Marx and Picow's contacts with California would be sufficient to satisfy the "minimum contacts" test. Marx and Picow purposefully availed themselves of the privilege of conducting Board and committee business in the forum state, and, to the extent Plaintiffs' claims arose out of Marx and Picow's forum-related activities, the exercise of jurisdiction would be fair and reasonable. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1555-56 (9th Cir. 2006) (setting forth "minimum contacts" test).

Therefore, the Court will allow Plaintiffs to conduct discovery on the issue of personal jurisdiction over Marx and Picow. The Court will continue the briefing and hearing on the motion to dismiss for lack of personal jurisdiction. However, the Court sees no need to continue the briefing and hearing on the other defendants' motion to dismiss for failure to make a demand on the Board of Directors, lack of standing, and failure to state a claim.

### III.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' application for leave to conduct discovery regarding personal jurisdiction over Picow and Marx. The Court permits the following: (1) one set of requests for production of documents to Picow and Marx, not to exceed 10 requests; (2) one set of special interrogatories to Picow and Marx, not to exceed 10 interrogatories; (3) one deposition of Picow and Marx, not to exceed two hours per direct examination, with the depositions to be conducted at a location of the defendant's preference. **The discovery shall be completed within 60 days of the entry of this order**. Given the time restrictions on this discovery, the Court expects counsel to act with complete civility in executing these tasks. Any disputes regarding this limited discovery shall be brought before Magistrate Judge McCurine within 5 days of the act giving rise to the dispute.

The Court **GRANTS** Plaintiffs' application to continue the briefing schedule and hearing date on the motion to dismiss for lack of personal jurisdiction. The opposition to the motion to dismiss for lack of jurisdiction is due on or before **June 4, 2007**. The reply is due on or before **June 18, 2007**. The hearing on the motion is continued to **June 22, 2007 at 11:00 a.m.** Unless otherwise directed by the Court, there shall be no oral argument and no personal appearances are necessary.

The Court **DENIES** Plaintiffs' application to continue the briefing and hearing on the motion to dismiss for failure to make a demand on the Board of Directors, lack of standing, and failure to state a claim. Plaintiffs must file their opposition papers on or before March 26, 2007. Defendants' reply is due on or before April 13, 2007. The hearing date will remain April 27, 2007 at 11:00 a.m. Unless otherwise directed by the Court, there shall be no oral

argument and no personal appearances are necessary.

DATED: March 21, 2007

_____
Hon. Barry Ted Moskowitz
United States District Judge