# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

IN RE INFOSONICS CORPORATION DERIVATIVE LITIGATION

CASE NO. 06cv1336 BTM(WMc)

**ORDER DENYING DEFENDANTS' MOTION TO SEAL COURT DOCUMENTS**

Defendants have filed a motion to file under seal exhibits that are submitted by Plaintiffs in opposition to Defendants Marx and Picow's motion to dismiss for lack of personal jurisdiction. Defendants' motion is **DENIED**.

The Supreme Court has held that there is a common law right of access to records in civil proceedings: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). Courts are required to start "with a strong presumption in favor of access." Hagestad v. Tragesser, 49 F.3d 1430,1434 (9th Cir. 1995).

However, the presumption can be overcome by sufficiently important countervailing interests. San Jose Mercury News, Inc. v. United States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without

1 | relying on hypothesis or conjecture." <u>Hagestad</u>, 49 F.3d at 1434.

2 |     Defendants make a general claim that the exhibits at issue – interrogatory responses and transcripts of the depositions of Marx and Picow – should be sealed because other plaintiffs in actions that are subject to a discovery stay under the PSLRA could use the information against Defendants. Defendants do not specify which information could be harmful or how it could be used against them.

    Defendants' vague assertion of prejudice does not constitute a compelling reason for sealing the interrogatory responses and deposition transcripts. However, the Court finds that discrete portions of the deposition transcripts reveal private information that is not necessary to the litigation - specifically, the addresses of Marx and Picow (Marx Depo. Tr. 4:11; Picow Depo. Tr. 2:9-11) and information regarding Picow's family (Picow Depo. Tr. 6:17-7:1; 15:16-22). This information should be redacted.

    The parties are **ORDERED** to file the Declaration of Francis A. Bottini, Jr. and attached exhibits, redacting the information identified above, within 5 business days of the filing of this order.

**IT IS SO ORDERED.**

DATED: July 24, 2007

                                     */s/ Barry Ted Moskowitz*
                                     Honorable Barry Ted Moskowitz
                                     United States District Judge